JUDGE OETKEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**13 CV 5983**

| | | |
|---|---|---|
| HOODLOVE, LLC | : | Civil Action No._____ |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | **COMPLAINT & JURY DEMAND** |
| ROC APPAREL GROUP, LLC, ICONIX | : | |
| BRAND GROUP, INC., | : | |
| CITI TRENDS, INC., | : | |
| DILLARD'S INC. and | : | |
| MODECRAFT FASHIONS, | : | |
| Defendants. | : | |

RECEIVED AUG 2 6 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff HOODLOVE, LLC ("Plaintiff"), through its undersigned attorneys,

complain of defendants ROC APPAREL GROUP, LLC ("ROC APPAREL"), ICONIX BRAND

GROUP, INC. ("ICONIX"), CITI TRENDS, INC., DILLARD'S INC. and MODECRAFT

FASHIONS, as follows:

## NATURE OF THE ACTION

1.      This is a straightforward action for trademark infringement, dilution,

unfair competition and false advertising, all in violation of the laws of the United States

and the State of New York.

## JURISDICTION AND VENUE

2.      Plaintiff's claims are predicated on the Trademark Act of 1946, as

amended, 15 U.S.C. §§1051-1141, and under the statutory and common law of the State

of New York.     Subject matter jurisdiction over this action is conferred upon this Court

by 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338 (a) and (b).     Additionally, the Court

has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367.

3.      Venue in this District is proper under 28 U.S.C. §1391 (b) and (c).

4.      This Court has personal jurisdiction over Defendants under New York

Civil Practice Law and Rules 301 and 302(a) because, upon information and belief,

Defendants do business and solicit business in this District, regularly solicit business in

COMPLAINT AND JURY DEMAND

New York, offered goods under the infringing trademark to customers in this District,

Defendants ROC APPAREL and ICONIX, are registered to do business in this District, and

Plaintiff is being harmed in this District.

## PARTIES

5.      Plaintiff is a limited liability company organized and existing under the

laws of the State of New Jersey, with a principal place of business in the State of New

Jersey.

6.      Upon information and belief, Defendant ROC APPAREL is a limited

liability company organized and existing under the laws of New York and is registered to

do business in New York.

7.      Upon information and belief, Defendant ICONIX, is a corporation

organized and existing under the laws of Delaware and is registered to do business in

New York.

COMPLAINT AND JURY DEMAND

8.     Upon information and belief, Defendant CITI TRENDS, INC. is a

corporation organized and existing under the laws of Delaware and at all relevant times

was doing business in the State of New York.

9.     Upon information and belief, Defendant DILLARD'S, INC. is a corporation

organized and existing under the laws of Delaware and at all relevant times was doing

business in the State of New York.

10.    Upon information and belief, Defendant MODECRAFT FASHIONS, is an

entity of unknown form and at all relevant times, was doing business in the State of New

York.

11.    The true names and capacities, whether individual, corporation, associate

or otherwise of defendants JOHN DOES 1 through 10, inclusive, are unknown to

Plaintiff who therefore sues said defendants by such fictitious names.     Plaintiff is

informed and believes and based thereon alleges that each of the fictitiously named

defendants is responsible in some manner for the events, acts, occurrences and liabilities

COMPLAINT AND JURY DEMAND

alleged and referred to herein.      Plaintiff will seek leave to amend this Complaint to

allege the true names and capacities of these JOHN DOE defendants when the same are

ascertained.

## GENERAL ALLEGATIONS

A.      Plaintiff And The Hood Love Trademark

11.      Plaintiff is a for-profit company that focuses on the social and economic

development of poverty stricken communities commonly known as "the hood".

Plaintiff is the owner of the federally registered trademark "Hood Love" in connection

with clothing ("the HOOD LOVE Mark").      A true and correct copy of Plaintiff's

Certificate of Registration for the HOOD LOVE Mark is attached   hereto as Exhibit "A".

B.      **Defendants And Their Infringement Of The Hood**

**Love Mark**

12.　Upon information and belief, Defendant ROC APPAREL distributes and sells

clothing in connection with a brand called "Rocawear" by virtue of a license from

Defendant ICONIX and/or its affiliates or subsidiaries.

13.　Upon information and belief, Defendant ICONIX and/or its affiliates or

subsidiaries operates the website "rocawear.com".

14.　Defendants ROC APPAREL and ICONIX state on the rocawear.com website that:

"Rocawear is an exclusive lifestyle brand with a wide range of customers launched by

superstar icon Jay-Z, founder of Roc-a-Fella Records".

15.　Upon information and belief, Jay-Z continues to have a relationship with

Rocawear, which includes promotion of Rocawear on his official website

"rocnation.com".

16.　Notwithstanding Plaintiff's rights in and to the HOOD LOVE Mark, Defendants

misappropriated the HOOD LOVE Mark to promote and sell apparel ("Infringing

COMPLAINT AND JURY DEMAND

Apparel") on the rocawear.com website and elsewhere without Plaintiff's consent or

authorization.

## COUNT I

## Federal Trademark Infringement

17.     To the extent applicable, Plaintiff incorporates the allegations hereinabove as

though fully set forth herein.

18.     Defendants' offer to sell, sale, distribution, and advertisement of products under

the Infringing Apparel violates Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

19.     The HOOD LOVE Mark is federally registered, and is entitled to protection under

both federal and common law.

20.     Defendants' unauthorized use of the Infringing Apparel is likely to cause

confusion, to cause mistake, and to deceive customers and potential customers as to the

source or origin of Defendants' goods, and to cause them to mistakenly believe that

Defendants' goods are Plaintiff's goods, or are otherwise affiliated, connected, or

associated with Plaintiff in violation of Section 32(1) of the Lanham Act, 15 U.S.C.

§1114(1).

21.     Defendants' unauthorized use of the Infringing Apparel has caused, and unless

enjoined, will continue to cause substantial and irreparable harm to Plaintiff, including

without limitation, substantial and irreparable harm to the goodwill associated with the

HOOD LOVE Mark.

22.     Upon information and belief, Defendants' infringement of the HOOD LOVE

Mark is willful and reflects Defendants' intent to trade on the goodwill associated with

the HOOD LOVE Mark.

23.     Plaintiff is entitled to injunctive relief, and also entitled to recover its costs,

reasonable attorneys' fees, and Defendants' profits under 15 U.S.C. §§1114, 1116, 1117.

COMPLAINT AND JURY DEMAND

## COUNT II

## False Designation of Origin And Unfair Competition

24.    To the extent applicable, Plaintiff incorporates the allegations hereinabove as

though fully set forth herein.

25.    Defendants' offer to sell, sale, distribution, and advertisement of goods under the

Infringing Apparel constitutes unfair competition and false designation of origin in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

26.    The HOOD LOVE Mark, is entitled to protection under both Federal and

common law.

27.    Defendants' unauthorized use of the Infringing Apparel constitutes unfair

competition and the use of a false designation of origin that is likely to cause confusion

and deceive consumers as to the impression that Defendants' products are

manufactured by, authorized by, or otherwise associated or affiliated with Plaintiff in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

COMPLAINT AND JURY DEMAND

28.     Upon information and belief, Defendants' conduct complained of herein is

willful and reflects Defendants' intent to trade on the goodwill associated with the

HOOD LOVE Mark.

## COUNT III

## Trademark Infringement in Violation of New York

## Common Law

29.     To the extent applicable, Plaintiff incorporates the allegations herein above as

though fully set forth herein.

30.     Defendants' offer to sell, sale, distribution, and advertisement of goods under

the Infringing Brand constitutes common law trademark infringement.

31.     The HOOD LOVE Mark is used in New York and elsewhere extensively, and is

entitled to protection under both Federal law and New York common law.

32.     Defendants' unauthorized use of the Infringing Apparel is likely to cause

confusion and deceive consumers as to the origin, sponsorship, or approval of

COMPLAINT AND JURY DEMAND

Defendants' products by creating the false and misleading impression that Defendants'

products are manufactured by, authorized by, or otherwise associated with Plaintiff.

33.    Defendants' unauthorized use of the Infringing Apparel has caused, and unless

enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which it

has no adequate remedy at law, including substantial and irreparable injury to the

goodwill associated with the HOOD LOVE Mark.

34.    Upon information and belief, Defendants' infringement of the HOOD LOVE

Mark is willful and reflects Defendants' intent to trade on the goodwill associated with

the HOOD LOVE Mark.

35.    Upon information and belief, Defendants' infringement of the HOOD LOVE

Mark has been deliberate and calculated, resulting in confusion and deception among

consumers as to the origin, sponsorship, or approval of Defendant's products, and

resulting in damage to Plaintiff.

COMPLAINT AND JURY DEMAND

36.     Defendants' acts constitute trademark infringement in violation of the common

law of the State of New York.

## COUNT IV

### Unfair Competition in Violation of New York Common Law

37.     To the extent applicable, Plaintiff incorporates the allegations hereinabove as

though fully set forth herein.

38.     Upon information and belief, with knowledge of the distinctiveness of the

HOOD LOVE Mark, Defendants intended to and did trade on the goodwill associated

with the HOOD LOVE Mark by manufacturing, distributing, promoting and selling

products using the HOOD LOVE Mark under the Infringing Apparel.

39.     Defendants' acts as alleged herein are likely to cause confusion, mistake, and

deception to consumers as to the affiliation, connection, or association of Defendants

with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's products

under the Infringing Apparel, all to the detriment and damage of Plaintiff and to the

unjust enrichment of Defendants.

40.      Defendant's unauthorized use of the Infringing Apparel, unless enjoined, will

cause substantial and irreparable injury to Plaintiff for which it has no adequate remedy

at law, including at least substantial and irreparable injury to the goodwill associated

with the HOOD LOVE Mark.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief, and respectfully requests that the Court:

a)      enjoin Defendants, their agents, servants, employees, and affiliates from

engaging in trademark infringement, dilution, and passing off in each state in which the

Defendants do business;

b)      require Defendants, their agents, servants, employees, affiliates, licensees, and

assignees to account for all sums collected because of manufacturing, distributing,

selling and/or otherwise exploiting the trademarks at issue herein;

COMPLAINT AND JURY DEMAND

c)      award Plaintiff punitive damages for the conduct complained of herein;

d)      award Plaintiff its attorneys' fees, taxable costs and disbursements of this action

under 15 U.S.C. §1117 and Section 35 of the Lanham Act, in light of Defendants' willful

conduct; and

e)      award Plaintiff any further relief as justice may require, or as this Court deems

necessary.

COMPLAINT AND JURY DEMAND

JURY DEMAND

Plaintiff hereby demands trial by jury on all matters so triable herein.


DATED: August 23, 2013          KRANJAC TRIPODI & PARTNERS, LLP


By: _____

Joseph Tripodi

Email: jtripodi@ktpllp.com

30 Wall Street, 12th Floor

New York, New York 10005

Telephone: (646) 216-2400

Facsimile:    (646) 216-2373


KRANE & SMITH, APC

Ralph C. Loeb

Email: ralph@kranesmith.com

16255 Ventura Boulevard

Suite 600

Encino, California 91436

Telephone: (818) 382-4000

Facsimile: (818) 382-4001

*Attorneys for Plaintiff*

COMPLAINT AND JURY DEMAND

# EXHIBIT A

# United States of America

### United States Patent and Trademark Office

# HOOD LOVE

**Reg. No. 3,786,293**
**Registered May 4, 2010**
**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HOODLOVE LIMITED LIABILITY COMPANY (NEW JERSEY LIMITED LIABILITY COMPANY)
160 GREENWOOD AVENUE
EAST ORANGE, NJ 07017

FOR: BASEBALL CAPS; CAPS; HATS; HEADWEAR; SHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; SWEAT SHIRTS; T-SHIRTS; TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-0-2006; IN COMMERCE 4-0-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-861,589, FILED 4-14-2006.

BARBARA BROWN, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT A**

```
Court Name: District Court
Division: 1
Receipt Number: 465401075321
Cashier ID: lcurtis
Transaction Date: 08/26/2013
Payer Name: KRANJAC TRIPODI AND PARTNERS
-----------------------------------------
CIVIL FILING FEE
 For: KRANJAC TRIPODI AND PARTNERS
 Amount:        $400.00
-----------------------------------------
CHECK
 Check/Money Order Num: 30355711
 Amt Tendered:  $400.00
-----------------------------------------
Total Due:       $400.00
Total Tendered: $400.00
Change Amt:       $0.00
```